NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—October, 1887.

MATTER OF MORRIS.

*In the matter of the estate of* PETER MORRIS, *deceased.*

Decedent, by his will, whereby he undertook to dispose of $86,000, gave, *inter alia*, to the executors $45,000 in trust to invest, and apply the income to the use of his widow, A., for life; of this fund, at her death, $35,000 to go to a son, J., the balance being directed to be held on another trust for a life, at whose expiration, the principal to go to J. The will also gave to A. $1,000 absolutely, and directed that "the above bequests for the benefit of my wife are not to be diminished," in case the estate proved inadequate to satisfy all the dispositions. The entire estate yielding only $28,000, whereof A. had the enjoyment, as *cestui que trust*, for life, it was, upon her death,—

*Held*, that the $1,000 legacy should be paid, in full, to A.'s representative; and the provisions in favor of all the other beneficiaries be subjected to proportional abatement.

The amount of commissions due to an executor and trustee, at the expiration of a trust administered by him pursuant to directions contained in the will—determined.

CONTEST over distribution of trust funds, upon judicial settlement of account of executor of, and trustee under, decedent's will.

BANGS, STETSON, TRACY & McVEAGH, *for executor.*

J. S. GREEVES, *for legatees.*

THE SURROGATE.—The third article of this testator's will is in substance as follows : I give to my executors $45,000, in trust, to invest the same, and keep the same invested, and to apply the income thereof to the use of my wife for her natural life; and, after her death, I give the sum of $35,000, part of said $45,000, to my son John H. Morris, and I authorize and direct my executors to collect and apply the net income of $10,000, the balance of said $45,000, to the use of my sister-in-law, Elisa P. Dykman, for her life ; and, after her death, I give the said $10,000 to my said son John H. Morris.

The fourth article bequeaths a legacy of $1,000 to the testator's widow and divers other pecuniary legacies to persons therein specified.

Article nine declares that " *the above bequests for the benefit of my wife* are not to be diminished in case my estate shall not be sufficient for all the devises and bequests of this will, but are first to be provided for, and are upon condition that she accept the same in lieu of all dower and right of dower and other claims upon my estate."

It is unnecessary to specify in detail the remaining provisions of the testator's will. By the instrument, as a whole, he undertook to dispose of $86,000. Of this sum he directed that the executor should hold in trust for the widow, as above stated, the sum of $45,000 ; that he should hold the further sum of $18,000 in trust for other beneficiaries, and should pay the sum of $23,000 to legatees.

It appears, by a statement of facts to which all persons interested in the present accounting proceed-

ing have agreed, that the assets which have come to the hands of the executor have never been sufficient even to satisfy the trust provision for the benefit of the testator's widow. She died in May last, having been in receipt since her husband's death of the net income of his entire estate. The executor now has in his hands about $28,000 ready for distribution. What must he do with it to satisfy the provisions of the will?

That the testator, by the ninth article of that instrument, gave a preference to his widow over all other beneficiaries to the extent of the income of $45,000, or of the whole estate if it should not be of greater value than that amount, is admitted on all hands.

I do not find any expression, implication or suggestion of an intention on his part, that as regards the disposition, after the widow's death, of the fund which should have been theretofore yielding income for her benefit, any person named in the will as a beneficiary should have priority over any other.

I, therefore, hold that all the legacies abate pro rata, with the single exception of the $1,000 legacy to the widow. Her representative is entitled to receive the same in full.

As to commissions, I understand that the accounting party has already received such sums as are grantable to him by law in his capacity as executor. As the trust for the widow's benefit is terminated, he may properly retain full commissions as trustee upon such portion of the $28,000 as is now released for distribution to legatees, except the $1,000 payable to

the widow's representative.   He is entitled, I think, to one half commissions for receiving such portion of said $28,000 as, in accordance with this decision, must be retained in his hands upon the trusts that still remain unexecuted.